UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK GRAY | ) | |
| | ) | Case No. 25-cv-11937 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| POLICE OFFICER MICHAEL DONNELLY; | ) | |
| POLICE OFFICER JOSEPH VECCHIO; and | ) | |
| CITY OF CHICAGO, | ) | Trial By Jury Demanded |
| | ) | |
| Defendants. | ) | |

COMPLAINT AT LAW

NOW COMES Plaintiff, Derrick Gray, by and through his attorney, David S. Lipschultz, and in support of his Complaint at Law against the Defendants, Police Officer Michael Donnelly (Star No. 13784); Police Officer Joseph Vecchio (Star No. 14469); and City of Chicago state as follows:

JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution, 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871), and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1343, §1331 and §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

1

PARTIES

4. Plaintiff, Derrick Gray ("Gray"), is a resident of the City of Chicago, County of Cook, State of Illinois.

5. At all relevant times herein referenced, Defendant Police Officer Michael Donnelly, Star No. 13784 ("Officer Donnelly"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Donnelly was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6. At all relevant times herein referenced, Defendant Police Officer Joseph Vecchio, Star No. 14469 ("Officer Vecchio"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Vecchio was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

7. At all relevant times herein referenced, Defendant, City of Chicago, is a governmental entity formed pursuant to the laws of the State of Illinois. Officers Donnelly and Vecchio ("Defendant Officers") were employed by City of Chicago as sworn police officers, and at the time of the incident at issue the Defendant Officers were acting within the scope of their employment for City of Chicago and under color of law.

ALLEGATIONS

8. On February 28, 2024, at approximately 6:45 p.m., Derrick Gray was lawfully parked in a vehicle at or near 750 N. Franklin Street, in Chicago, Illinois.

9. Gray was about to drive away when Defendant Officers stopped their police vehicle in front of his. There was no lawful basis for stopping Gray as he had committed no crimes or traffic violations.

10. There was no weapon on Gray's person or in the vehicle at any time prior to Plaintiff being stopped by Defendant Officers.

11. Yet Officer Donnelly alleged to have found a gun in the vehicle.

12. Officer Donnelly planted that gun in the vehicle.

13. Defendant Officers arrested Gray without probable cause.

14. Gray was detained at a Chicago Police and at Cook County Jail.

15. The Cook County State's Attorney's Office dismissed all criminal charges against Gray approximately a year and a half after the arrest.

16. As a result of the Defendants Officers' conduct Gray suffered emotional injuries, constitutional violations, loss of liberty, economic losses, attorney's fees and other losses and expenses.

## COUNT I
## 42 U.S.C. §1983 FOURTH AMENDMENT CLAIM
## AGAINST OFFICER DONNELLY AND OFFICER VECCHIO

17. Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 16.

18. Officer Donnelly and Officer Vecchio, knowing that probable cause did not exist, acted individually, jointly and/or in a conspiracy to cause Plaintiff to be arrested, detained, charged and prosecuted for serious crimes and, knowing the arrest and prosecution lacked probable cause, failed to intervene to prevent Plaintiff's arrest and prosecution.

19. In so doing, Officer Donnelly and Officer Vecchio violated the Plaintiff'S rights

to be free from unreasonable seizure guaranteed to them by the Fourth Amendment of the United States Constitution.

WHEREFORE, Plaintiff Derrick Gray prays for judgment against Police Officer Michael Donnelly (Star No. 13784) and Police Officer Joseph Vecchio (Star No. 14469) for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

COUNT II<br>42 U.S.C. §1983 FALSE ARREST<br>AGAINST OFFICER DONNELLY AND OFFICER VECCHIO

20. Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 16.

21. Defendant Officers did not have probable cause or any other legal basis to arrest Plaintiff.

22. The actions of the Defendant Officers violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

WHEREFORE, Plaintiff Derrick Gray prays for judgment against Police Officer Michael Donnelly (Star No. 13784) and Police Officer Joseph Vecchio (Star No. 14469) for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

COUNT III<br>ILLINOIS LAW CLAIM - INDEMNIFICATION<br>AGAINST CITY OF CHICAGO

23. Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 22.

24. Illinois law provides that public entities are directed to pay any tort judgment for

compensatory damages for which employees are liable within the scope of their employment activities.

25. At all times relevant to this incident, Defendant Officers were employees of the City of Chicago, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, Derrick Gray, prays that should this Court enter judgment in their favor and against Police Officer Michael Donnelly (Star No. 13784) and Police Officer Joseph Vecchio (Star No. 14469) the City of Chicago will be ordered to pay the Plaintiff any judgment for compensatory damages obtained against those Defendants.

## JURY DEMAND

Plaintiff prays for trial by jury.

Respectfully submitted,

DERRICK GRAY


/s/ David S. Lipschultz
David S. Lipschultz

David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com